# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **c/o United States Attorney's Office,** | ) | |
| **Judiciary Center Building,** | ) | |
| **555 4th Street, N.W.,** | ) | |
| **Washington, DC 20530,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | |
| **PROPERTY IDENTIFIED BY ADDRESS OF:** | ) | |
| **7501 ARCADE COURT,** | ) | |
| **LANDOVER, MARYLAND 20785,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

*COMES NOW,* plaintiff United States of America, by and through its attorney, the United

States Attorney for the District of Columbia, to bring this verified complaint for forfeiture in a civil

action *in rem* against the defendant real property, which is a town-house residence in Landover,

Maryland, from which law enforcement agents seized more than $600,000 worth of controlled

substances and about $140,000 in cash on June 10, 2008. In support of this cause, plaintiff states

as follows:

## NATURE OF THE ACTION AND DEFENDANT *IN REM*

1.    This is a civil action *in rem* to forfeit and condemn to plaintiff's use and benefit the

defendant real property, whose main improvement is a town-house residence at the address of 7501

Arcade Court in Landover, Maryland 20785, and its appurtenances and improvements. Plaintiff

brings this action pursuant to Title 21, United States Code, Section 881(a)(7), which subjects to

forfeiture to the United States "all real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation" of the law commonly called the Controlled Substances Act ("CSA"), codified at 21 U.S.C. §§ 801, *et seq.*, punishable by more than one year's imprisonment. The defendant real property, which is located at the address of 7501 Arcade Court, Landover, Maryland 20785, in Prince George's County, is more fully described as being all that certain parcel of land situate in the County of Prince George's and State of Maryland, together with any improvements and appurtenances, being known and designated as follows:

> **Lot 64, Block B, in the subdivision known as Plat 4, Pat of Correction, Chaney's Choice as per plat thereof recorded among the Plat Records of Prince George's County, Maryland in Plat Book VJ 173 at Plat 48, in the 13th Election District of the said County.**

## JURISDICTION, VENUE, AND GOVERNING LAW

2.      This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345, because it was commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress. Venue is proper in this District by virtue of 28 U.S.C. § 1355(b)(1), because this is a forfeiture action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred. This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. §§ 983 & 985, the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, in particular Rule G.

## STATEMENT OF FACTS

3.      Title to the defendant property is in the name of Ms. Lakesha Lee. Ms. Lakesha Lee

also is called "Ms. Lee" in this complaint.

4.      On or about June 17, 2008, Mr. David Dawson held himself out to be engaged to marry Ms. Lakesha Lee.  Mr David Dawson also is called "Mr. Dawson" in this complaint.

5.      Mr. Dawson and Ms. Lee have long had an intimate relationship in the nature of a married couple.

6.      Since a time before November 2007, Mr. Dawson and Ms. Lee jointly have controlled the defendant property and used it as their principal residence.

## DAWSON'S DRUG-RELATED ACTIVITIES

7.      Since at least December 2007, Mr. Dawson and others have conspired unlawfully to distribute and possess with intent to distribute controlled substances, principally cocaine and crack cocaine base, within the District of Columbia and the State of Maryland.  This is called "the conspiracy" in this complaint.  Acts in furtherance of the conspiracy have taken place in the District of Columbia.

8.      On or about December 19, 2007, in furtherance of the conspiracy and other unlawful activities, Mr. Dawson and another person unlawfully sold in the District of Columbia about 83 grams of cocaine powder in exchange for U.S. currency and other valuable items.

9.      On or about February 29, 2008, in furtherance of the conspiracy and other unlawful activities, Mr. Dawson and another unlawfully sold in the District of Columbia about 71 grams of crack cocaine base in exchange for valuable items, which Mr. Dawson was told were stolen.

10.     On or about May 29, 2008, in furtherance of the conspiracy and other unlawful activities, Mr. Dawson and another unlawfully sold in Maryland about 50 grams of crack cocaine base in exchange for valuable items, which Mr. Dawson was told were stolen.

11.     Following the exchange of these goods for suspected crack cocaine base distributed

by Mr. Dawson, he arranged for the goods to be taken to the defendant property.

12.     On June 3, 2008, a federal grand jury handed up an indictment in the United States District Court for the District of Columbia, in a criminal prosecution styled <u>United States</u> v. <u>David Dawson, *et al.*</u>, Criminal Number 08-163 (JDB).  Among other crimes, the indictment charges Mr. Dawson with an unlawful conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine base, in violation of 21 U.S.C. § 846, which is a part of the Controlled Substances Act.

## **DEFENDANT PROPERTY'S USE IN DAWSON'S DRUG-RELATED ACTIVITIES**

13.     On one or more occasions after December 1, 2007, in furtherance of the conspiracy, at the defendant property, Mr. Dawson has possessed controlled substances with the intent to distribute them, principally cocaine and crack cocaine base.

14.     On one or more occasions after December 1, 2007, in furtherance of the conspiracy, Mr. Dawson used the defendant property to keep valuable items he had received in exchange for his distribution of controlled substances.

15.     On June 10, 2008, law enforcement agents executed a search warrant at the defendant property.

16.     When executing this search warrant at the defendant property on June 10, 2008, law enforcement agents seized about a kilogram of suspected cocaine powder, a controlled substance.

17.     On June 10, 2008, the kilogram of cocaine powder seized from the defendant property was worth about $100,000.

18.     From the defendant property on June 10, 2008, law enforcement agents seized more than 600 grams of suspected crack, a controlled substance.

19.     On June 10, 2008, the 650 grams of suspected crack cocaine base seized from the defendant property were worth more than $65,000.

-4-

20.     From the defendant property on June 10, 2008, law enforcement agents seized more than 130 pounds of suspected marijuana.

21.     On June 10, 2008, the 130 pounds of marijuana seized from the defendant property were worth more than $575,000.

22.     From the defendant property on June 10, 2008, law enforcement agents seized more than $140,000 cash in U.S. currency.

23.     An unlawful conspiracy to distribute and possess with intent to distribute controlled substances is a violation of 21 U.S.C. § 846, a part of the Controlled Substances Act punishable by more than one year's imprisonment.

24.     Unlawfully maintaining a drug-involved premises is a violation of 21 U.S.C. § 856(a), a part of the Controlled Substances Act punishable by more than one year's imprisonment.

## COUNT ONE

1.     The factual statements made in paragraphs 1 through 24 are re-alleged and incorporated by reference herein.

2.     The defendant property is real property which was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq*, punishable by more than one year's imprisonment.

3.     As such, the defendant property is subject to forfeiture to the United States, pursuant to 21 U.S.C. § 881(a)(7).

*WHEREFORE*, the plaintiff prays that, as to the above-referenced defendant property, due process and a warrant of arrest *in rem* issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant property be condemned as forfeited to the United States of America; and for such

other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

*/s/ Jeffrey A. Taylor*
JEFFREY TAYLOR, D.C. Bar No. 498610
UNITED STATES ATTORNEY


*/s/ William R. Cowden*
WILLIAM R. COWDEN, D.C. Bar No. 426301
Assistant United States Attorney


*/s/ Barry Wiegand*
BARRY WIEGAND, D.C. Bar No. 424288
Assistant United States Attorney
Criminal Division, Asset Forfeiture Unit
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
(202) 307-0299
William.B.Wiegand@USDoJ.Gov

## VERIFICATION

I, Douglas A. Quartetti, a Special Agent of the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by law enforcement agents and that everything represented herein is true and correct to the best of my knowledge and belief.

Executed on this 18 day of June 2008.

Douglas A. Quartetti,
Special Agent,
U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America, U.S. Attorney's Office | Property Identified By Address of: 7501 Arcade Court Landover, Maryland 20785 |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Barry Wiegand          (202) 307-0299
Assistant U.S. Attorney
55 4th Street, N.W., Room 4818
Washington, DC 20530

ATTORNEYS (IF KNOWN)

---

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### ☐ A. *Antitrust*

☐ 410 Antitrust

### ☐ B. *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
        Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

## ☒ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G.** *Habeas Corpus/ 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)  *(If pro se, select this deck)*\* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act)  *(If pro se, select this deck)*\* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

---

**V. ORIGIN**

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

21 U.S.C. § 881(a)(7), forfeiture of all real property,...which is used to commit or to facilitate a violation of the Controlled Substances Act, codified at 21 U.S.C.§§801, *et seq.*

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ☑ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction) ☑ YES ☐ NO   If yes, please complete related case form.

*Barry Wiegand*

**DATE** 06-7-9-08   **SIGNATURE OF ATTORNEY OF RECORD**

Barry Wiegand, Asstistant U.S. Attorney

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form