IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,          :
                                   :
        *Plaintiff*                :
                                   :
        v.                         :   CASE NO. 1:08-CV-01057-JDB
                                   :
PROPERTY IDENTIFIED BY             :
ADDRESS OF:                        :      JURY TRIAL DEMANDED
7501 ARCADE COURT,                 :
LANDOVER, MARYLAND 20785,          :
                                   :
        *Defendant*                :

### ANSWER OF CLAIMANT LAKESHA LEE

COMES NOW claimant Lakesha Lee, by and through undersigned counsel, and hereby files this Answer to the Complaint:

1.   Claimant admits that her home is located at 7501 Arcade Court, Landover, Maryland 20785, and is correctly described in ¶1 of the Complaint.

2.   Admitted.

3.   Admitted.

4.   Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

5.   Claimant admits she had a long term intimate relationship with Mr. Dawson without admitting that it was "in the nature of a married couple."

6.   Denied.  Mr. Dawson had no control over the property.

1

7.   Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

8.   Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

9.   Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

10.  Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

11.  Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

12.  Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

13.  Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

14.  Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

15.  Admitted.

16.  Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

17.  Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

18.  Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

19.  Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

20.  Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

21.  Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

22.  Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

23.  Admitted.

24.  Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

Count One, ¶1. Claimant restates the responses noted above.

Count One, ¶2. Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

Count One, ¶3. Claimant has insufficient knowledge or information which would allow formation of a belief as to the truth of the allegations contained in this paragraph.

## **AFFIRMATIVE DEFENSES**

1.   Claimant Lee is an innocent owner of the defendant property and accordingly claimant's interest is exempt from forfeiture under 18 U.S.C. §983(d).

2.   Forfeiture of claimant's entire interest would be an "excessive fine" in violation of the Eighth Amendment's Excessive Fines Clause and 18 U.S.C. §983(g).


Respectfully submitted,


   */s/ David B. Smith*
David B. Smith
DC Bar No. 403068
English & Smith
526 King Street, Suite 213
Alexandria, Virginia  22314
(703) 548-8911
Facsimile (703) 548-8935
dsmith@englishandsmith.com
*Counsel for Claimant*

4

## Certificate of Service

I hereby certify that on the 16th day of July, 2008, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> AUSA Barry Wiegand
> Office of the United States Attorney
> Criminal Division, Asset Forfeiture Unit
> 555 Fourth Street, N.W., Fourth Floor
> Washington, D.C. 20530
> william.b.wiegand@usdoj.gov

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-filing user:

> none

> _/s/ David B. Smith_
> David B. Smith
> DC Bar No. 403068
> English & Smith
> 526 King Street, Suite 213
> Alexandria, Virginia  22314
> Phone:  703-548-8911
> Facsimile:  703-548-8935
> dsmith@englishandsmith.com
> _Counsel for Claimant_